UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARRA LINDEMANN,

        Plaintiff,

vs.

GC SERVICES LIMITED
PARTNERSHIP,

        Defendant.
_____/

# COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"). Specifically, Plaintiff alleges that Defendant placed multiple calls to Plaintiff in which Defendant failed to meaningfully disclose its identity or its status as a debt collector in an attempt to trick Plaintiff into returning Defendant's telephone calls in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2.    Defendant engages in a business plan, pattern and practice of malicious and despicable conduct by failing to disclose its identity or its status as a debt collector to consumers. *See* Jakobovits v. GC Services Limited Partnership, No. 13-00070 (E.D.N.Y. Jan. 4, 2013) (complaint filed alleging that Defendant left messages for consumers which failed to provide meaningful disclosure of its identity; failed to disclose the call was from

a debt collector; and failed to disclose the purpose or nature of the communication); Clark v. GC Services, Limited Partnership, No. 13-61127 (S.D. Fla. May 17, 2013) (same).

3. According to 15 U.S.C. § 1692:

(a) There is abundant evidence of the use of abusive, deceptive and unfair practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

5. Plaintiff, KARRA LINDEMANN, is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

6. Defendant, GS SERVICES LIMITED PARTNERSHIP, is a foreign business organized under the laws of the State of Delaware with its principal place of business and corporate offices in Houston, Texas.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as defined in the FDCPA.

10. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

12. On or about June 14, 2012 Defendant left a message on Plaintiff's home telephone voice mail on that failed to inform the Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

13. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

14. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); Foti v. NCO Fin. Sys., 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006) (holding that a voice mail message is a "communication" under the FDCPA); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104, 1115-16 (C.D.Cal.2005) (same).

15. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and its name.

**COUNT I**
**FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR**
**IN VIOLATION OF 15 U.S.C. § 1692e(11)**

16. Plaintiff incorporates Paragraphs 1 through 15 above as if fully set forth herein.

17. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). *See e.g.*, Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. 2006); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

(a) Damages; and

(b) Attorney's fees, litigation expenses and costs of suit; and

(c) Such other or further relief as the Court deems proper.

**COUNT II**
**FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)**

18. Plaintiff incorporates Paragraphs 1 through 15 above as if fully set forth herein.

19. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and purpose in the telephone messages in violation of 15 U.S.C §1692d(6).  *See* <u>Valencia v The Affiliated Group, Inc.</u>, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008 (S.D.Fla., September 23, 2008); <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 593 (N.D.Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs</u>., 387 F. Supp. 2d 1104 (C.D. Cal. 2005).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

(a) Damages;

(b) Attorney's fees, litigation expenses and costs of suit; and

(c) Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

    *s/ James S. Giardina*
[X] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[  ] Kimberly H. Wochholz
Fla. Bar No. 0092159
**The Consumer Rights Law Group, PLLC**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*